BUCHALTER LLP
ARTIN BETPERA (SBN:  244477)
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email:  abetpera@buchalter.com

Attorneys for Defendant
Bonneville International Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER,<br><br>    Plaintiff,<br><br>    vs.<br><br>BONNEVILLE INTERNATIONAL CORPORATION,<br><br>    Defendant. | Case No. 3:26-cv-01899-JD<br>*Assigned to the Honorable James Donato*<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS**<br><br>**[Fed. R. Civ. P. 26(c)]**<br><br>Date:    July 2, 2026<br>Time:    10:00 a.m.<br>Ctrm:    11, 19th Floor<br><br>Complaint Filed: March 4, 2026<br>Trial Date: |

## NOTICE OF MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on July 2, 2026, at 10:00 a.m., or as soon thereafter as the Court's schedule permits, before the Honorable James Donato, in Courtroom 11, 19th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Bonneville International Corporation ("Defendant" or "Bonneville") will and hereby does move this Court for an order staying all discovery in this action, including initial disclosures, pending the Court's resolution of Defendant's Motion

to Dismiss Plaintiff Mark Aussieker's ("Plaintiff") Complaint Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) (the "Motion to Dismiss"), filed concurrently herewith.

Defendant's Motion to Stay Discovery Pending Ruling on Motion to Dismiss is made pursuant to Federal Rule of Civil Procedure Rule 26(c), on the grounds that: (1) the pending Motion to Dismiss is potentially dispositive of the entire case; (2) the Motion to Dismiss presents a pure question of statutory interpretation that can be resolved without any discovery; and (3) a preliminary peek at the merits demonstrates that the Motion to Dismiss raises a substantial threshold legal question supported by a growing body of case law.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such further argument and evidence as may be presented at or before the hearing on this Motion.

DATED:  May 26, 2026          BUCHALTER LLP


By:  */s/ Artin Betpera*
ARTIN BETPERA
Attorneys for Defendant
Bonneville International Corporation

BUCHALTER LLP
IRVINE

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS**
BUCHALTER 110457843v1

Case No. 3:26-cv-01899-JD

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant Bonneville has filed a Rule 12(b)(6) motion to dismiss Plaintiff's complaint that raises a single, dispositive question of statutory interpretation: whether the term "telephone call" in 47 U.S.C. § 227(c)(5) encompasses "text messages."   Both of Plaintiff's causes of action arise exclusively under Section 227(c)(5), which creates a private right of action only for persons who have received more than one "telephone call" in violation of FCC regulations.   Because Plaintiff alleges only that he received text messages—not telephone calls—from Bonneville, his claims fail as a matter of law if the Court agrees with the plain-language reading of the statute advanced by Bonneville in its Motion to Dismiss.

The pending Motion to Dismiss presents a pure question of law that requires no discovery to resolve.   If the Court grants the motion, it will dispose of the entire case.   Under these circumstances, good cause exists under Federal Rule of Civil Procedure Rule 26(c) to stay all discovery pending the Court's ruling.   A stay will conserve the resources of both parties and the Court by avoiding potentially unnecessary class-wide discovery in a putative class action, while causing no prejudice to Plaintiff because discovery can resume promptly if the motion is denied.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) permits a court, upon a showing of good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, *inter alia*, forbidding discovery or specifying terms, including the time and place for disclosure or discovery.   Fed. R. Civ. P. 26(c)(1)(A)-(B).   In determining whether to stay discovery pending resolution of dispositive motions, courts in this District consider two factors: "(1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed, and (2) whether the pending dispositive

3

BUCHALTER LLP
IRVINE

DEFENDANT'S NOTICE OF MOTION AND MOTION TO
STAY DISCOVERY PENDING RULING ON MOTION TO
DISMISS
BUCHALTER 110457843v1

Case No. 3:26-cv-01899-JD

motion can be decided absent additional discovery." *Micron Tech., Inc. v. United Microelectronics Corp.*, No. 17-cv-06932-JSW, 2018 WL 7288018, at *1 (N.D. Cal. Mar. 16, 2018) (citing *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) ("*Pacific Lumber*")). "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Yamasaki v. Zicam LLC*, No. 21-CV-02596-HSG, 2021 WL 3675214, at *1 (N.D. Cal. Aug. 19, 2021) (internal citation omitted).

While "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending," *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011), a district court has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Courts throughout this District and across the California federal districts routinely apply this framework and recognize that a stay is appropriate where a pending motion to dismiss raises dispositive legal issues. *See, e.g.*, *Kincheloe v. American Airlines, Inc.*, No. 21-cv-00515-BLF, 2021 WL 5847884, at *1-2 (N.D. Cal. Dec. 9, 2021) (granting stay of discovery pending motion to dismiss under the two-factor test enumerated in *Pac. Lumber Co.*, 220 F.R.D. at 352); *In re Nexus 6p Prods. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1-3 (N.D. Cal. Aug. 18, 2017) (granting stay where motion to dismiss was "potentially dispositive of the entire case" and resolvable "absent discovery"); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (recognizing "broad discretion to stay discovery in a case while a dispositive motion is pending"). As demonstrated below, all factors support a stay here.

## III.   <u>ARGUMENT</u>

### A.   **The Motion to Dismiss Is Potentially Dispositive of the Entire Case**

Bonneville's Motion to Dismiss challenges the legal sufficiency of both of

Buchalter LLP
Irvine

DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS
BUCHALTER 110457843v1

Case No. 3:26-cv-01899-JD

Plaintiff's causes of action. Plaintiff's First Cause of Action alleges violations of the Telephone Consumer Protection Act's ("TCPA") national do-not-call provisions under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c). Compl. ¶¶ 49-54. Plaintiff's Second Cause of Action alleges violations of the TCPA's internal do-not-call provisions under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d). Compl. ¶¶ 55-58. Both claims arise exclusively under the private right of action in Section 227(c)(5), which authorizes suit only by a person who has received more than one "telephone call" in violation of FCC regulations.

The Motion to Dismiss presents a single, threshold question of statutory interpretation: whether the term "telephone call" in Section 227(c)(5) encompasses text messages. Plaintiff's Complaint is based entirely on allegations that he received text messages—not telephone calls—from Bonneville. *See* Compl. ¶¶ 19-28. If the Court concludes that the plain language of "telephone call" does not include "text message"—as multiple federal courts have now held—then both of Plaintiff's causes of action fail as a matter of law, and the complaint must be dismissed in its entirety. *See Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 899-901 (C.D. Ill. 2025); *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1273-74 (N.D. Fla. 2025); *Richards v. Fashion Nova, LLC*, No. 1:25-CV-01145-TWP-MKK, 2026 WL 847568, at *2-5 (S.D. Ind. Mar. 26, 2026).

Because the Motion to Dismiss, if granted, would dispose of the entire case, the first factor of the *Pacific Lumber* test is satisfied. *See Heck v. Amazon.com, Inc.*, No. 22-cv-03986-JSW, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022) (finding first factor of *Pacific Lumber* test satisfied where the defendant's motion to dismiss sought dismissal of all claims).

This Court's prior decisions confirm that a stay is appropriate where resolution of a threshold legal issue may dispose of the case. In *Kaufman v. Spearman*, No. 3:15-CV-02777-JD, slip op. at 1 (N.D. Cal. Aug. 23, 2017), this Court stayed

BUCHALTER LLP
IRVINE

DEFENDANT'S NOTICE OF MOTION AND MOTION TO
STAY DISCOVERY PENDING RULING ON MOTION TO
DISMISS
BUCHALTER 110457843v1

Case No. 3:26-cv-01899-JD

discovery pending the resolution of a threshold legal defense—qualified immunity—recognizing that discovery should be deferred until such foundational legal questions are resolved. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The same reasoning applies here. Although *Kaufman* involved a threshold defense rather than a question of statutory interpretation, the underlying principle is identical: where a case turns on a threshold legal issue that can be resolved at the pleading stage, discovery should not proceed until that issue is decided. Here, the Motion to Dismiss presents a threshold question of statutory interpretation that, if resolved in Bonneville's favor, eliminates the need for discovery entirely.

### B.   The Motion to Dismiss Can Be Resolved Without Discovery

The second factor is also satisfied here. Bonneville's Motion to Dismiss raises a pure question of law: whether the plain language of 47 U.S.C. § 227(c)(5) limits its private right of action to "telephone calls" or whether it also extends to "text messages." This is a question of statutory interpretation that turns on the text of the statute, applicable canons of construction, and relevant case law—not on any disputed facts or evidence that discovery might produce.

No amount of discovery will change what Congress meant when it used the words "telephone call" when enacting the TCPA in 1991. The Motion to Dismiss can be fully briefed and decided on the pleadings alone, without any discovery whatsoever. *See Kincheloe*, 2021 WL 5847884, at \*1-2 (granting stay where dispositive motion could be decided absent discovery); *Nexus 6P Prods. Liab. Litig.*, 2017 WL 3581188, at \*1-3 (same).

### C.   A Preliminary Peek at the Merits Supports a Stay

A preliminary peek at the merits of Bonneville's Motion to Dismiss confirms that a stay is warranted. The motion raises a substantial legal question supported by a growing body of federal authority.

6

Multiple federal courts have concluded that the term "telephone call" in Section 227(c)(5) does not encompass text messages. These courts have relied on the plain meaning of the statutory text, the fact that text messaging did not exist when Congress enacted the TCPA in 1991, the distinction between the broad term "any call" used in Section 227(b) and the narrower term "telephone call" used in Section 227(c)(5), and the Supreme Court's framework in *Wisconsin Central Ltd v. United States*, 585 U.S. 274 (2018), for interpreting narrower statutory terms in light of broader companion provisions. *See Jones*, 792 F. Supp. 3d at 899-901; *Davis*, 797 F. Supp. 3d at 1273-74; *Richards*, 2026 WL 847568, at *2-5.

Moreover, following the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), courts are now required to independently interpret statutory text without deferring to agency interpretations. *Id.* at 412-13. This development further strengthens Bonneville's position because the primary basis for extending Section 227(c)(5) to text messages was deference to FCC pronouncements that, as Bonneville's Motion to Dismiss demonstrates, defied a plain reading of the text and, in any event, did not actually address Section 227(c)(5) at all. *See In re Rules and Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 at ¶ 165 (2003) (addressing only Section 227(b)); *Jones*, 792 F. Supp. 3d at 900 ("[O]n its face . . . the 2003 Order explicitly references only Section 227(b).").

This Court need not—and at this stage, should not—decide the merits of the Motion to Dismiss. But even a cursory review reveals that Bonneville's motion presents a serious and well-supported legal argument that, if accepted, would be fully dispositive. That is sufficient to support a stay. *See Yamasaki*, 2021 WL 3675214, at *1 (internal citation omitted).

/ / /

/ / /

7

**D.      A Stay Will Conserve Party and Judicial Resources Without Prejudice to Plaintiff**

Staying discovery will promote judicial economy and conserve the resources of the parties and the Court.  This is a putative class action in which Plaintiff seeks to certify two nationwide classes.  *See* Compl. ¶ 39.  If discovery proceeds while the Motion to Dismiss is pending, both parties will be forced to incur significant expense in connection with class-wide discovery—including document production, interrogatories, and depositions—that may prove entirely unnecessary if the Court grants the Motion to Dismiss.  As the Supreme Court recently observed, the combination of a private right of action, statutory minimum damages, and the class action device creates powerful incentives for TCPA litigation.  *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 149 (2025).  A stay ensures that these incentives do not compel Bonneville to bear the substantial costs of class-wide discovery before the Court resolves the threshold legal question of whether Plaintiff has a viable cause of action in the first place.  *See Orchid Biosciences*, 198 F.R.D. at 672 (recognizing broad discretion to stay discovery while a dispositive motion is pending).

Plaintiff will suffer no prejudice from a temporary stay.  The Motion to Dismiss presents a pure legal question that the Court can resolve on the existing briefing without delay.  If the Court denies the Motion to Dismiss, discovery can resume promptly and any deadlines that have passed during the stay can be extended.  In contrast, if discovery proceeds and the Court later grants the Motion to Dismiss, the parties will have expended significant time and resources on discovery that was entirely unnecessary.  *See Harrington v. FDIC*, No. 23-cv-06296-HSG, slip op. at 1 (N.D. Cal. May 29, 2024) (finding that "a temporary pause [of] discovery does not stand to unduly prejudice Plaintiffs" where no case schedule had been established).  The balance of equities weighs strongly in favor of a stay.

BUCHALTER LLP
IRVINE

DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS
BUCHALTER 110457843v1

Case No. 3:26-cv-01899-JD

## IV.   CONCLUSION

For the foregoing reasons, Defendant Bonneville International Corporation respectfully requests that this Court enter an order staying all discovery in this action pending the Court's ruling on Defendant's Motion to Dismiss Plaintiff's Complaint.

DATED:  May 26, 2026          BUCHALTER LLP


By:  */s/ Artin Betpera*
ARTIN BETPERA
Attorneys for Defendant
Bonneville International Corporation

BUCHALTER LLP
IRVINE

DEFENDANT'S NOTICE OF MOTION AND MOTION TO
STAY DISCOVERY PENDING RULING ON MOTION TO
DISMISS
BUCHALTER 110457843v1

Case No. 3:26-cv-01899-JD