Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

*Local Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK AUSSIEKER, individually and on behalf of a class of all persons and entities similarly situated,

        Plaintiff

vs.

BONNEVILE INTERNATIONAL CORPORATON d/b/a KNCI FM RADIO

        Defendant.

Case No. 3:26-cv-01899-JD

**PLAINTIFF'S OPPOSITION TO THE MOTION TO STAY DISCOVERY**

DATE: July 2, 2026
TIME: 10:00 a.m.
CTRM: 11, 19th Floor

## **INTRODUCTION**

Defendant seeks the extraordinary remedy of halting all discovery in this putative TCPA class action based on a motion to dismiss that is squarely foreclosed by controlling Ninth Circuit authority. The motion to stay rests entirely on Defendant's assertion that its motion to dismiss presents a substantial threshold legal question regarding whether telemarketing text messages constitute "telephone calls" under 47 U.S.C. § 227(c)(5). But the Ninth Circuit recently answered that question. In *Howard v. Republican Nat'l Comm.,* 164 F.4th 1119, 1123-24 (9th Cir. 2026), the Court held that a "'text message' constitutes a 'call' within the meaning of the TCPA," and expressly held that conclusion remains correct even after *Loper Bright.*

Defendant's stay motion asks the Court to assume that its motion to dismiss presents a serious likelihood of success. It does not. As demonstrated in Plaintiff's Opposition to the Motion to Dismiss, every court in this Circuit to consider Defendant's post-Loper Bright argument has rejected it, including *Taha v. Momentive Software, Inc.,* 2026 U.S. Dist. LEXIS 54376 (C.D. Cal. Mar. 11, 2026), and *D'Agostino v. Circle K Stores Inc.,* 2026 U.S. Dist. LEXIS 89449 (D. Ariz. Apr. 22, 2026), which specifically recognized that *Howard* forecloses the argument that text messages are not actionable under the TCPA.

---

OPPOSITION TO THE MOTION TO STAY DISCOVERY
*Mark Aussieker v. Bonneville International Corporation d/b/a KNCI FM Radio*
-1-

Because Defendant cannot satisfy the "preliminary peek" requirement, and because a stay would only delay discovery in a case where the operative legal issue is already settled by controlling precedent, the motion should be denied as Defendant's motion asks this Court to stay discovery based upon a legal argument that is already foreclosed by binding Ninth Circuit precedent.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936). The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket.*" Clinton v. Jones*, 520 U.S. 681, 683, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997); *see also Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (citation omitted) ("[B]road discretion to manage discovery and to control the course of litigation").

To determine whether to grant or deny a stay, this Court will review and weigh the "competing interests". *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). There are three "competing interests" the Courts weigh: (1) if to stay discovery, the "possible damage" to the non-moving party; (2) if to proceed with discovery, the "hardship or inequity" the

OPPOSITION TO THE MOTION TO STAY DISCOVERY
*Mark Aussieker v. Bonneville International Corporation d/b/a KNCI FM Radio*
-2-

moving party may suffer; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.

Although district courts possess discretion to stay discovery, discovery is not automatically stayed whenever a motion to dismiss is pending. Courts in this District apply the two-part test articulated in *Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 220 F.R.D. 349, 352 (N.D. Cal. 2003), considering: (1) whether the pending motion is potentially dispositive of the entire case or of the issue to which discovery is directed; and (2) whether the motion can be decided absent additional discovery.

In applying that test, courts must take a "preliminary peek" at the merits of the underlying motion. The purpose of that inquiry is not to prejudge the motion but to determine whether a stay is warranted. Where the underlying motion lacks substantial merit, a stay should be denied.

## ARGUMENT

The moving party "requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.*" Nken v. Holder*, 556 U.S. 418, 433-34, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009) (citation omitted); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (same) ("A party seeking a stay

must make out a clear case of hardship or inequity"); *In re Google Dig. Adver. Antitrust Litig.*, No. 20-cv-03556-BLF, 2020 U.S. Dist. LEXIS 231709, 2020 WL 7227159, at *1 (N.D. Cal. Dec. 8, 2020) ("Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied.") (citation omitted). "The moving party must show a particular and specific need for the protective order." *Al Otro Lado, Inc. v. Nielsen*, No. 3:17-cv-02366-BAS-KSC, 2018 U.S. Dist. LEXIS 16921, 2018 WL 679483, at *2 (S.D. Cal. Jan. 31, 2018).

**A. Defendant Cannot Satisfy the Preliminary Peek Requirement Because Controlling Ninth Circuit Authority Forecloses the Motion to Dismiss.**

Defendant's motion to stay rises and falls with the strength of its motion to dismiss. The stay motion repeatedly characterizes the dismissal motion as presenting a "substantial legal question" supported by a "growing body of federal authority." The opposite is true. The Ninth Circuit recently reaffirmed that "a text message constitutes a call within the meaning of the TCPA" and expressly held that conclusion remains correct "even in the absence of Chevron deference." *Howard,* 164 F.4th at 1123-24. As explained extensively in Plaintiff's Opposition to the Motion to Dismiss, *Howard* did not merely defer to the FCC. The Ninth Circuit independently analyzed the statutory text and concluded under de novo review that text messages qualify as calls under the TCPA.

Nor is *Howard* limited to § 227(b). The Central District of California recently rejected that exact argument in *Taha v. Momentive Software, Inc.,* holding that both *Satterfield* and *Howard* apply to § 227(c)(5) and that Congress's use of the phrase "telephone call" does not exclude text messages. Likewise, the District of Arizona recently held that "[t]here is no question as to whether text messages are calls under the TCPA in this Circuit." *D'Agostino*, 2026 U.S. Dist. LEXIS 89449, at *14-15.

Nor is *Howard* limited to § 227(b). The Central District of California recently rejected that exact argument in *Taha v. Momentive Software, Inc.*, holding that both *Satterfield* and *Howard* apply to § 227(c)(5) and that Congress's use of the phrase "telephone call" does not exclude text messages. Likewise, the District of Arizona recently held that "[t]here is no question as to whether text messages are calls under the TCPA in this Circuit." *D'Agostino v. Circle K Stores Inc.*, 2026 U.S. Dist. LEXIS 89449, at *14-15 (D. Ariz. Apr. 22, 2026). That observation is fatal to Defendant's stay request. The motion to stay is premised on the notion that Defendant's Motion to Dismiss presents a novel and unsettled legal issue, but courts applying Howard have concluded precisely the opposite: within this Circuit, the proposition that text messages are calls under the TCPA is no longer reasonably subject to dispute.

Defendant's motion to dismiss therefore does not present an unsettled legal issue. It asks this Court to disregard controlling Ninth Circuit authority and a growing body of post-*Howard* decisions applying that authority. A preliminary peek at the merits demonstrates that Defendant's motion is unlikely to succeed. That conclusion alone defeats the request for a stay.

**B. A Stay Would Cause Prejudice and Unnecessarily Delay Discovery**.

A *Landis* factor involves the Court weighing the "possible damage" to the non-moving party. *CMAX*, 300 F.2d at 268. Courts "are generally unwilling to presume delay is harmful without specific supporting evidence." *See Vance v. Google LLC*, No. 5:20-cv-04696-BLF, 2021 U.S. Dist. LEXIS 27546, 2021 WL 534363, at *4 (N.D. Cal. Feb. 12, 2021) (quoting *Landis*, 299 U.S. at 255). "[C]ourts have found persuasive the opposing party's argument that a delay will result in the loss of documentary or testimonial evidence." *Vance*, 2021 U.S. Dist. LEXIS 27546, 2021 WL 534363, at *4.

Defendant contends Plaintiff will suffer no prejudice from a stay because discovery can resume if the motion to dismiss is denied. That argument overlooks the realities of TCPA class litigation. This case concerns text message campaigns spanning multiple years. Discovery will involve electronically stored information, campaign records, vendor records, consent records, and class-related evidence.

Delaying discovery increases the risk that relevant evidence becomes more difficult to locate, preserve, or collect. The Plaintiff asks that the Court find more persuasive that Plaintiff and its class members will likely suffer damage as "the passage of time will make it more difficult to reach class members and will increase the likelihood that relevant evidence will dissipate." *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109-JST, 2017 U.S. Dist. LEXIS 6304, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 U.S. Dist. LEXIS 2490, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (same); *see Vance*, 2021 U.S. Dist. LEXIS 27546, 2021 WL 534363, at *4 ("[C]ourts have found persuasive the opposing party's argument that a delay will result in the [*9] loss of documentary or testimonial evidence.").

**C. The Balance of Equities Favors Proceeding With Discovery.**

The second *Landis* factor considers that "hardship or inequity" to the moving party. *See CMAX*, 300 F.2d at 268. The potential hardship from denying the stay weighs slightly in favor of granting it, "[w]here a denial of stay would cause both parties to incur significant expenses on litigation that may be rendered moot." *Vance*, 2021 U.S. Dist. LEXIS 27546, 2021 WL 534363, at *5. However, "[i]t is true that, standing alone, the desire to avoid 'costs of further litigation' does not establish hardship or inequity on behalf of a party seeking a stay." *Sealey v.*

*Chase Bank (U.S.A.), N.A.*, No. 19-cv-07710-JST, 2020 U.S. Dist. LEXIS 183537, 2020 WL 5814108, at *2 (N.D. Cal. Sept. 29, 2020) (citation omitted), Fed. R. Civ. P. 1. Here, setting aside the pending motion, Defendant has not made a "clear case of hardship or inequity." *Landis*, 299 U.S. at 255. "Although the time and expense of wasted discovery is a legitimate concern, it does not outweigh the risk that a stay pending the [Motions] resolution would simply delay Plaintiffs' day in Court." *Salazar v. Cnty. of Los Angeles*, No. cv-15-09003-MWF-JC, 2016 U.S. Dist. LEXIS 190608, 2016 WL 11746844, at *6 (C.D. Cal. Sept. 27, 2016); *see Smith v. Levine Leichtman Cap. Partners, Inc.*, No. C 10-00010 JSW, 2011 U.S. Dist. LEXIS 161425, 2011 WL 13153189, at *2 (N.D. Cal. Feb. 11, 2011) ("The expense of discovery alone does not amount to good cause to stay discovery based on Defendants' argument that they are likely to succeed on the pending Motions and could therefore avoid unnecessary expenses.").

Indeed, Defendant has not identified any specific hardship, defending a case can be said to apply to any reasonably large civil litigation. *See Sealey*, 2020 U.S. Dist. LEXIS 183537, 2020 WL 5814108, at *2. Courts have held that when the Defendant has not identified any specific harm beyond litigation costs, it fails to meet the "clear case of hardship or inequity" in the *Landis* standard. *Lockyer*, 398 F.3d at 1112; *Lathrop*, 2016 U.S. Dist. LEXIS 2490, 2016 WL 97511, at *4

(rejecting a discovery stay where defendant claimed the harm of additional discovery costs, such as the factual disputes in the case, which does not merit a stay). Of course, Defendant argues it may incur discovery costs if the motion to dismiss is ultimately granted. But that argument exists in virtually every case involving a pending Rule 12 motion. If accepted, discovery would routinely be stayed whenever a defendant filed a potentially dispositive motion. That is not the law.

By contrast, Plaintiff faces delay in obtaining evidence relevant to class certification, merits issues, and Defendant's telemarketing practices. Because Defendant has failed to demonstrate a substantial likelihood of success on its motion to dismiss, any speculative burden associated with discovery does not outweigh Plaintiff's interest in moving the case forward.

Most importantly, Defendant's stay request is premised on the assumption that its Motion to Dismiss presents a novel and unsettled question. It does not. *Howard* already answered the question. *Taha* applied Howard to § 227(c)(5). *D'Agostino* confirmed that there is "no question" within this Circuit that unsolicited text messages can give rise to TCPA liability. Because the dispositive issue Defendant identifies has already been resolved by controlling authority, the extraordinary remedy of halting all discovery is unwarranted.

# **CONCLUSION**

Defendant has not demonstrated good cause for a stay. Although its motion to dismiss may be potentially dispositive, the required preliminary peek at the merits reveals that the motion is foreclosed by controlling Ninth Circuit authority and is unlikely to succeed. Because discovery should not be halted based on a motion that conflicts with Howard and the growing body of post-Howard authority applying it, Defendant's Motion to Stay Discovery should be denied in its entirety.

Dated: June 14, 2026        PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com