BUCHALTER LLP
ARTIN BETPERA (SBN: 244477)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: abetpera@buchalter.com

Attorneys for Defendant
Bonneville International Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER,<br><br>Plaintiff,<br><br>vs.<br><br>BONNEVILLE INTERNATIONAL CORPORATION,<br><br>Defendant. | Case No. 3:26-cv-01899-JD<br>*Assigned to the Honorable James Donato*<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER RE: (1) PLAINTIFF'S LATE-FILED OPPOSITIONS; (2) EXTENSION OF DEFENDANT'S REPLY DEADLINE; (3) LEAVE TO EXCEED PAGE LIMITS ON MOTION TO DISMISS BRIEFS; AND (4) CONTINUANCE OF HEARING AND CASE MANAGEMENT CONFERENCE** |

Plaintiff Mark Aussieker ("Plaintiff") and Defendant Bonneville International Corporation ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, respectfully submit this Joint Stipulation pursuant to Civil Local Rules 6-2, 7-11, and 7-12, and request that the Court enter the accompanying [Proposed] Order. This Joint Stipulation is supported by the concurrently filed Declarations of Artin Betpera and Anthony I. Paronich.

## I.    BACKGROUND

1.    On May 26, 2026, Defendant filed its Notice of Motion and Motion to Dismiss Complaint [Fed. R. Civ. P. 12(b)(6)] (Dkt. 15) ("Motion to Dismiss") and its Notice of Motion and Motion to Stay Discovery Pending Ruling on Motion to

Dismiss [Fed. R. Civ. P. 26(c)] (Dkt. 16) ("Motion to Stay") (collectively, the "Motions"). The Motions are set for hearing on July 2, 2026, at 10:00 a.m. before the Honorable James Donato in Courtroom 11, 19th Floor, pursuant to the Court's order.

2.     Under Civil Local Rule 7-3(a), Plaintiff's oppositions to the Motions were due fourteen (14) days after the Motions were filed—i.e., by June 9, 2026. Under Civil Local Rule 7-3(c), Defendant's reply briefs were due seven (7) days after Plaintiff's oppositions—i.e., by June 16, 2026.

3.     Plaintiff did not file oppositions to the Motions by the June 9, 2026 deadline. On June 14, 2026, Plaintiff filed an Administrative Motion for Leave to File Late Oppositions (Dkt. 22), supported by the Declaration of Anthony I. Paronich (Dkt. 22-1).

4.     On June 14, 2026— the day before Defendant's reply briefs were due— Plaintiff filed its untimely oppositions to the Motion to Dismiss and the Motion to Stay. Because Plaintiff's oppositions were filed the day before Defendant's reply briefs were due, Defendant was left with no time to prepare and file its reply briefs.

5.     As explained by Plaintiff's counsel, the late-filed oppositions were a result of inadvertence. Plaintiff's counsel completed the oppositions on June 1, 2026, but mistakenly believed they had been successfully filed through the Court's CM/ECF system. Counsel did not discover the filing error until after the deadline had passed. (Paronich Decl. ¶¶ 2–6.)

6.     Following the untimely filing of Plaintiff's oppositions, the Parties met and conferred regarding these procedural irregularities. In the interests of having the issues raised in the Motions decided on the merits, rather than on procedural grounds, the Parties agreed to file this Joint Stipulation with the Court to resolve the scheduling and briefing issues created by the late filing.

7.     In the course of their meet and confer discussions, the Parties also discovered that their respective briefs in support of, and in opposition to, the Motion to Dismiss each exceed the fifteen (15) page limit for opening and opposition briefs

BUCHALTER LLP
IRVINE

2

established by Paragraph 18 of Judge Donato's Standing Order for Civil Cases. Specifically, Defendant's opening memorandum of points and authorities in support of the Motion to Dismiss is twenty-five (25) pages in length, and Plaintiff's opposition memorandum to the Motion to Dismiss is also twenty-five (25) pages in length. (Betpera Decl. ¶¶ 9–10; Paronich Decl. ¶¶ 8–9.)

8.    The Parties acknowledge that they should have requested leave to exceed the page limits established by the Standing Order prior to filing their respective briefs, and respectfully apologize to the Court for this oversight.

## II.    REASONS SUPPORTING THE STIPULATION

### A.    The Late-Filed Oppositions and Extension of Reply Deadline

9.    The Parties agree that the interests of justice are best served by resolving Defendant's Motions on their merits. Plaintiff's late-filed oppositions were the result of inadvertence, not bad faith. Permitting the late-filed oppositions and extending Defendant's reply deadline to June 22, 2026, will ensure that both Parties have a full and fair opportunity to brief the issues presented in the Motions, and that the Court has the benefit of complete briefing when it considers the Motions.

### B.    Leave to Exceed Page Limits

10.    The Parties respectfully submit that the additional pages in their respective briefs on the Motion to Dismiss are necessary because the Motion to Dismiss presents important and complex issues of law involving statutory interpretation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. These issues stem in significant part from the Supreme Court's decision last year in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which overruled *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), and fundamentally altered the framework for judicial interpretation of federal statutes administered by federal agencies, including the TCPA. The additional pages are required so that each Party may fully present the various issues of statutory interpretation raised in the Motion to Dismiss, including the proper interpretation of

BUCHALTER LLP
IRVINE

3

the term "telephone call" in 47 U.S.C. § 227(c)(5), the impact of *Loper Bright* on prior Ninth Circuit precedent, and the application of the Supreme Court's analytical framework in *Wisconsin Central Ltd. v. United States*, 585 U.S. 274 (2018).

11. This request is in the interests of justice, as it will allow the Court to consider the full and thorough briefing on these important issues of statutory interpretation presented in connection with the Motion to Dismiss, rather than requiring the Parties to truncate their legal arguments on issues that are actively the subject of a developing body of federal case law.

### C.   Continuance of Hearing and Case Management Conference

12. The Parties also stipulate, to the extent the Court finds it necessary, to continue the July 2, 2026 hearing on the Motion to Dismiss and the Motion to Stay, and the Case Management Conference, to a later date. The Parties respectfully note that counsel for Defendant, Artin Betpera, will be unavailable during the period of July 13 through July 20, 2026, due to a pre-planned, pre-paid family vacation, and respectfully request that any continued hearing or conference be set on a date that avoids that period. (Betpera Decl. ¶ 13.)

## III.   STIPULATION

Based on the foregoing, the Parties hereby stipulate and respectfully request that the Court enter the accompanying [Proposed] Order providing as follows:

13. **Late-Filed Oppositions**. Plaintiff's untimely filed oppositions to the Motion to Dismiss and the Motion to Stay Discovery are deemed filed and accepted by the Court;

14. **Extension of Reply Deadline**. Defendant shall have up to and including June 22, 2026, to file its reply briefs in support of the Motion to Dismiss and the Motion to Stay Discovery;

15. **Leave to Exceed Page Limits**. The Parties are granted leave, nunc pro tunc, to exceed the fifteen (15) page limit established by Paragraph 18 of Judge

Donato's Standing Order for Civil Cases, and to file opening and opposition briefs on the Motion to Dismiss of up to twenty-five (25) pages in length; and

16.   **Continuance of Hearing and Case Management Conference**. To the extent the Court deems it necessary, the July 2, 2026 hearing on the Motion to Dismiss and the Motion to Stay Discovery, and the Case Management Conference, are continued to a later date to be set by the Court (with the exception of July 13–20, 2026, during which counsel for Defendant is unavailable).

The Parties submit that, for the foregoing reasons, good cause exists to enter the requested Order.

SO STIPULATED.

DATED:  June 16, 2026               BUCHALTER LLP


                                    By:  /s/ Artin Betpera
                                         ARTIN BETPERA

                                    Attorneys for Defendant
                                    Bonneville International Corporation


DATED:  June 16, 2026               PARONICH LAW, P.C.


                                    By:  /s/ Anthony Paronich
                                         ANTHONY PARONICH

                                    Attorneys for Plaintiff
                                    Mark Aussieker


*Filer's Attestation: The filer of this document hereby attests that the concurrence in the filing of this document has been obtained from all other signatures indicated by a conformed signature /s/.*


                                    /s/ Artin Betpera
                                    ARTIN BETPERA

BUCHALTER LLP
IRVINE

5

JOINT STIPULATION AND [PROPOSED] ORDER                    Case No. 3:26-cv-01899-JD
BUCHALTER 110976943v1