BUCHALTER LLP
ARTIN BETPERA (SBN: 244477)
ROBERT C. LITTLE (SBN: 182396)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: abetpera@buchalter.com

Attorneys for Defendant
Bonneville International Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER,<br><br>Plaintiff,<br><br>vs.<br><br>BONNEVILLE INTERNATIONAL CORPORATION,<br><br>Defendant. | Case No. 3:26-cv-01899-JD<br>*Assigned to the Honorable James Donato*<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**<br><br>**[Pending Ruling on Rule 12(b)(6) Motion]**<br><br>DATE: July 2, 2026<br>TIME: 10:00 a.m.<br>CTRM: 11, 19th Floor |

BUCHALTER LLP
IRVINE

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**                    Case No. 3:26-cv-01899-JD

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiff's opposition to a stay discovery reads like a supplemental opposition to Bonneville's Rule 12(b)(6) motion. It litigates the merits of Bonneville's motion which this Court will hear in 10 days on July 2, 2026, and decide afterward. The motion to stay discovery in the meantime does not require any disposition on Bonneville's Rule 12(b)(6). It is much narrower, asking the Court to briefly pause discovery for less than a few weeks, permitting the Court to rule on a fully briefed, purely legal motion that could end this case.

The opposition's premise is that Bonneville's Rule 12(b)(6) motion is "foreclosed" by *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119 (9th Cir. 2026). Opp. 4 (arguing "Controlling Ninth Circuit Authority Forecloses the Motion to Dismiss"). It is not. That is a merits-based argument about Bonneville's motion, not a reason discovery should not be stayed before its motion is decided. Suffice to say here, *Howard* construed "call" under § 227(b)(1), not "telephone call" under § 227(c)(5). *See* Mot. 7:1-9. For all the reasons appearing in Bonneville's supporting papers and reply brief, a motion that turns on the distinction is not frivolous. It is the subject of a live split with district court rulings on both sides of the ledger.

Plaintiff concedes Bonneville's motion is potentially dispositive. Opp. 10:3-4. He does not dispute that it can be decided without any discovery, so both prongs of the governing two-part test are met. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (two-part test for staying discovery: whether the motion is potentially dispositive and whether it can be decided without additional discovery). The stay Bonneville proposes is narrow and self-terminating, running only until the Court rules on a motion which is set for hearing in 10 days, with a decision anticipated to follow less than a few weeks afterward.

Against that brief discovery pause, Plaintiff gives no specific evidence of prejudice. He offers only a generalized worry that evidence might someday fade. For

BUCHALTER LLP
IRVINE

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
STAY DISCOVERY                                         Case No. 3:26-cv-01899-JD

one, there is already a litigation hold on this data-driven case so that is a worry without a basis. For another, that would mean every discovery stay order that has ever been granted should not have been based on a generalized worry, unfounded by evidence of concrete prejudice. A brief discovery stay is warranted while the Court determines Bonneville's 12(b)(6) motion, and its discovery stay motion should be granted.

## II.  ARGUMENT

### A.  The two factors that govern a stay of discovery are both satisfied, and Plaintiff effectively concedes them

Courts in this district decide whether to stay discovery pending a dispositive motion under the two-part test of *Pacific Lumber*, 220 F.R.D. at 352 — the same test the Motion applies, Mot. 4, and that Plaintiff invokes, Opp. 3:6-13. A stay is appropriate when (1) the pending motion is potentially dispositive of the entire case, or of the issue on which discovery is sought, and (2) the motion can be decided without additional discovery. *Id.* Both conditions are met here, and Plaintiff effectively concedes them.

The first is not in dispute. Plaintiff's opposition admits that Bonneville's "motion to dismiss may be potentially dispositive." Opp. 10:3-4; see Mot. 4. It is. If "telephone call" in § 227(c)(5) does not reach text messages, then his sole claim fails as a matter of law and this case is over. His concession satisfies the first prong.

The second prong is equally clear. Bonneville's motion presents a pure question of statutory interpretation — what Congress meant by "telephone call" in § 227(c)(5). The answer turns on the statutory text, the surplusage canon, and the relationship between the private rights of action in § 227(b)(3) and § 227(c)(5). No deposition, no custodial email, and no vendor record could change it. See Mot. 6 (the motion "raises a pure question of law" that turns on text and canons, "not on any disputed facts or evidence that discovery might produce"). Discovery would not inform a motion that is dispositive on pure legal grounds. Plaintiff does not argue otherwise. The two-part

test is satisfied, and the analysis could end here granting Bonneville's stay motion.

## B. Bonneville's motion presents a substantial and unsettled question — not a "foreclosed" one

Plaintiff resists a brief discovery stay only by invoking a "preliminary peek" and insisting the motion is so meritless that a stay would be a waste. See Opp. 4–6. He misunderstands the inquiry. For the stay motion, the Court need not decide or even predict whether Bonneville's motion will be granted or denied. As Plaintiff's own brief frames the standard, a stay is denied only where the underlying motion "lacks substantial merit." Opp. 3:17-18. A motion presenting a genuinely contested question of statutory interpretation is not such a motion.

Resistant to saddle the Court with more reading material already answered in its Rule 12(b)(6) merits motion and reply brief, we try to limit our response here to the "lacks substantial merit" point as concisely as possible. Plaintiff's foreclosure argument depends entirely on reading *Howard* to decide a question *Howard* never addressed. Bonneville does not dispute that a text message can be a "call"; it concedes the point, as held in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009), and followed by *Howard*, 164 F.4th 1119, after *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) ended *Chevron* deference.

But Plaintiff sued here under § 227(c)(5), which does not use the word "call." It creates a private right of action for a person who has received more than one "telephone call." *Howard* construed "call" in § 227(b)(1). It did not analyze "telephone call" in § 227(c)(5), a subsection *Howard* never cited. That distinction — between the broad "any call" of § 227(b) and the narrower "telephone call" of § 227(c)(5) — is at the heart of Bonneville's motion. Mot. 7:1-9. Whether the attributive noun "telephone" narrows "call," and whether a regulation may extend a do-not-call rule to text messages without enlarging the separate private remedy Congress confined to "telephone calls," are questions *Howard* did not reach.

That those questions raised in Bonneville's 12(b)(6) motion are substantial is

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
STAY DISCOVERY

Case No. 3:26-cv-01899-JD

confirmed by the fact that district courts are openly divided on them right now as discussed in the parties' papers related to the Rule 12(b)(6) motion. While Plaintiff touts a "growing body of post-*Howard* authority," Opp. 10, he fails to cite any of the cases on the opposite side cited in Bonneville's reply brief. A question still generating decisions on both sides in 2025 and 2026 is, by definition, not "foreclosed" (Opp. 4) as Plaintiff tries to suggest.

A growing number of district courts have held that "telephone call" in § 227(c)(5) does not reach text messages. *See*, *e.g.*, *Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894 (C.D. Ill. 2025), *appeal docketed sub nom. Steidinger v. Blackstone Med. Servs.*, No. 25-2398 (7th Cir. Aug. 12, 2025); *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1272 (N.D. Fla. 2025); *El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-CV-00847, 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025). The Seventh Circuit is reviewing the question now, and a companion appeal is pending in the Eleventh Circuit. *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-cv-00214-LLM (N.D. Ga. Feb. 12, 2026), appeal docketed, No. 26-10837 (11th Cir. Mar. 16, 2026). A legal question that has divided the district courts and reached two federal courts of appeals is the paradigm of a substantial one, not something a district court brushes aside as so "foreclosed" as to weigh against a short discovery stay.

Nor is staying discovery in this situation here novel. Confronting the identical question — whether § 227(c)(5)'s private right of action reaches text messages — courts have stayed discovery exactly as Bonneville asks here. *See McGonigle v. Pure Green Franchise Corp.*, 2026 WL 111338, at *2 (S.D. Fla. Jan. 15, 2026) ("Discovery shall be stayed pending resolution of Defendant's Motion to Dismiss."). The plaintiff there, as here, urged the court to let discovery proceed. *Id.* The court declined, explaining that whether § 227(c) "includes a cause of action for text messages" is "a question of law that does not require discovery." *Id.* Another court in the same posture stayed discovery pending its ruling on the pending 12(b)(6) motion, later granting it. *See Richards v. Fashion Nova, LLC*, 2025 WL 3167069, at

BUCHALTER LLP
IRVINE

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**                                  Case No. 3:26-cv-01899-JD

*2 (S.D. Ind. Oct. 27, 2025) (staying proceedings); *Richards*, 2026 WL 847568 (S.D. Ind. Mar. 26, 2026) (granting the motion to dismiss). The purely legal nature of a substantial question is a reason to stay discovery.

None of this asks the Court to resolve the motion to dismiss like Plaintiff does. Rather, the interpretive question presented is substantial and serious, and a short stay on putative class-wide discovery and otherwise is merited pending resolution of the Rule 12(b)(6). That is enough for a brief discovery stay here.

> **C.** **Plaintiff identifies no cognizable prejudice from a stay measured in weeks.**

Unable to show the motion is frivolous, Plaintiff falls back on prejudice, claiming the "possible damage" factor from the *Landis* and *CMAX* balance applies. Opp. 6:9; *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The "prejudice" he claims, however, is exactly the kind his own opposition disclaims. Plaintiff's opposition recites the governing principle that courts are "generally unwilling to presume delay is harmful without specific supporting evidence." Opp. 6:11-12 (quoting *Vance v. Google LLC*, No. 5:20-cv-04696-BLF, 2021 WL 534363, at *4 (N.D. Cal. Feb. 12, 2021) (quoting *Aliphcom v. Fitbit, Inc.*, 154 F.Supp.3d 933, 938 (N.D. Cal. 2015)). Correct. And Plaintiff offers no such supporting evidence. No declaration, no identified custodian, no document at risk. He warns only that evidence may "dissipate," Opp. 7:6, and that class members may grow harder to reach. Generalized speculation about the passage of time (here mere days to less than a few weeks) is not evidence of prejudice.

If Plaintiff's generic concern that cases takes time and evidence everywhere is at a theoretical risk of fading during a short period of less than a few weeks, then no discovery stay could ever be issued in any case. This is because a defendant's dispositive motion could always be met by Plaintiff with a generalized complaint that "any delay might be bad for us." That is not the law. An argument that would invalidate every discovery stay ever granted asks too much.

Plaintiff describes a text-message campaign "spanning multiple years." Opp. 6:23-24. Records that have survived that multi-year period will not vanish in the days to less than weeks while the Court rules on Bonneville's 12(b)(6). A litigation hold is already in place. Bonneville's duty to preserve relevant evidence attached when this litigation was reasonably anticipated, that duty is independent of discovery, and a stay of discovery does not suspend it. The evidence Plaintiff claims to fear losing is already being preserved and will remain so throughout the brief discovery stay as proposed and requested. So Plaintiff's contention about multi-year evidence disappearing in the next few weeks is illusory.

Finally, the stay Bonneville asks for is not the open-ended freeze that the cases which Plaintiff cites involved. As proposed in its motion, the stay is narrow, brief, and self-terminating. It lasts only until the Court rules on a motion that is already fully briefed and set for hearing on July 2, 2026. The parties can reasonably expect a ruling within less than a few weeks afterward. As proposed by Bonneville, discovery can resume the moment the motion is decided. If the motion is decided against Plaintiff, then the needless expense, wear, and tear of engaging in discovery for a dead letter case is avoided. A pause on discovery for that short time in a putative class action works no cognizable prejudice on anyone.

### D.    The balance of equities favors a brief stay.

Plaintiff is right that the expense of litigation, standing alone, does not establish "hardship or inequity" — the second of the *Landis* and *CMAX* factors. Opp. 7:17, 7:24-26. But he misstates Bonneville's point. The point is not cost, but sequence.

The discovery Plaintiff describes — "electronically stored information, campaign records, vendor records, consent records, and class-related evidence" accumulated over a multi-year period, Opp. 6:24-26 — is the same sprawling, irreversible undertaking that should not be ordered until this Court can decide whether this case survives at all.

If Bonneville's Rule 12(b)(6) motion is granted, then all of that effort is wasted.

BUCHALTER LLP
IRVINE

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY    Case No. 3:26-cv-01899-JD

If it is denied, discovery then proceeds after a short delay of less than a few weeks. Mot. 8. When one path risks squandering substantial resources and the other risks only a brief postponement, the balance is not even close. The brief discovery stay requested by Bonneville should be granted.

Finally, the third *Landis* factor — "the orderly course of justice" — points the same direction. That is the third of the three competing-interest factors Plaintiff's own opposition invokes from *Landis* and *CMAX*. *See* Opp. 2-3 (reciting the three factors); *Landis*, 299 U.S. at 254–55; *CMAX*, 300 F.2d at 268. A ruling on the purely legal question Bonneville has raised will either end this case or define what is left of it. Proceeding with class discovery now risks litigating over claims that may not exist. Waiting a few weeks for a dispositive ruling simplifies the issues. Simplifying the issues is the very purpose of both the *Pacific Lumber* screen and the *Landis* balance, and it is why a brief discovery stay is warranted here.

## III.   CONCLUSION

The governing two-part test for briefly staying discovery pending the outcome of Bonneville's potentially case-dispositive Rule 12(b)(6) motion is satisfied on this record. Even Plaintiff concedes the motion is "potentially dispositive." A short, self-terminating stay on discovery until the Court rules works no prejudice on anyone. Bonneville respectfully asks the Court to grant its motion and stay discovery pending resolution of its Rule 12(b)(6) motion.

Respectfully submitted,

Dated: June 22, 2026

BUCHALTER LLP

By: /s/ Artin Betpera
ARTIN BETPERA

*Attorneys for Defendant*
BONNEVILLE INTERNATIONAL
CORPORATION