2026 WL 2970636
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

EDWIN COMBS, individually and on behalf of all others similarly situated, Plaintiff,
v.
UG FRANCHISE OPERATIONS, LLC d/b/a UFC GYM, Defendant.

Case No. 5:26-cv-01764-KK-DTB
|
Filed 10/02/2026

Judge: Hon. Kenly Kiya Kato

**Attorneys and Law Firms**

Ignacio J. Hiraldo, Ijh Law, Orange, CA, Lisa Freeman, Dapeer Law, P.A., Los Angeles, CA, for Plaintiff.

Braden Murphy, Pro Hac Vice, Hilgers, PLLC, Lincoln, NE, Luke Iverson Landers, Hilgers, PLLC, Calabasas, CA, for Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

HONORABLE KENLY KIYA KATO United States District Judge

***1** Hearing Date: October 1, 2026

Time: 9:30 a.m.

Courtroom: 3, 3rd Floor

On August 14, 2026, Defendant UG Franchise Operations, LLC ("Defendant") moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the First Amended Complaint of Plaintiff Edwin Combs ("Plaintiff"). (Dkt. 24.) Plaintiff filed an opposition. Having considered the papers filed in support of and in opposition to the Motion, and the arguments of counsel, the Court DENIES the Motion for the reasons that follow.

1. Defendant's sole ground for dismissal is that the private right of action in 47 U.S.C. § 227(c)(5), which is available to a person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection," does not extend to text messages.

2. The Ninth Circuit has held that a text message is a "call" within the meaning of the Telephone Consumer Protection Act. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009); *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119, 1123 (9th Cir. 2026) (reaching the same conclusion "even under de novo review" following *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024)). Although *Satterfield* and *Howard* arose under 47 U.S.C. § 227(b), neither decision limited its construction of "call" to that subsection, and the same term is presumed to bear the same meaning throughout a statute. *See Brown v. Gardner*, 513 U.S. 115, 118 (1994); *United States v. Paulson*, 68 F.4th 528, 555 (9th Cir. 2023). Courts in this Circuit have applied *Satterfield* and *Howard* to claims under § 227(c)(5). *See, e.g., Miller v. Direct Gen. Ins. Agency, Inc.*, No. 2:26-cv-01480-MWC-SSC, 2026 U.S. Dist. LEXIS 126614, at *13–14 (C.D. Cal. June 8, 2026); *Taha v. Momentive Software, Inc.*, No. 8:25-cv-02330-DOC-JDE, 2026 U.S. Dist. LEXIS 54376, at *7 (C.D. Cal. Mar. 11, 2026).

3. *Steidinger v. Blackstone Medical Services*, 182 F.4th 532 (7th Cir. 2026), is not binding on this Court. The Ninth Circuit has held that a text message is a "call" within the meaning of the TCPA, *Satterfield*, 569 F.3d at 954; *Howard*, 164 F.4th at 1123–24, and this Court is bound by that construction. The Court therefore declines to adopt the Seventh Circuit's contrary reading of § 227(c)(5).

4. The First Amended Complaint alleges that Plaintiff received more than one text message solicitation within a 12-month period by or on behalf of Defendant after he requested that the messages stop and while his residential cellular telephone number was registered on the National Do Not Call Registry. (Dkt. 19 ¶¶ 49–51, 61.) Taking those allegations as true, the First Amended Complaint states claims under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) and (d).

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss First Amended Complaint (Dkt. 24) is DENIED. Defendant shall file its answer to the First Amended Complaint within fourteen (14) days of the date of this Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

***2 IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2026 WL 2970636

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.