Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

*Local Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK AUSSIEKER, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br>v.<br><br>BONNEVILLE INTERNATIONAL CORPORATION d/b/a KNCI FM RADIO<br><br>Defendant. | Case No. 3:26-cv-01899-JD |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Civil Local Rule 7-3(d)(2), Plaintiff respectfully submits this notice of supplemental authority in support of Plaintiff's Opposition to Defendant's Motion to Dismiss (Dkt. 30). After Plaintiff filed his Opposition on July 23, 2026, two judges in the Central District of California, Judge Michelle Williams Court and Judge Kenly Kiya Kato, denied motions to dismiss TCPA claims in which the defendants argued that § 227(c)(5) does not reach text messages. Those decisions are *Miller v. S. Brown & Associates, Inc.*, No. 2:26-cv-01480-MWC-SSC, Dkt. 61 (C.D. Cal. Sept. 22, 2026) (attached herein as Exhibit 1), and *Combs v. UG*

*Franchise Operations, LLC d/b/a UFC Gym*, No. 5:26-cv-01764-KK-DTB, 2026 WL 2970636 (C.D. Cal. Oct. 2, 2026) (attached herein as Exhibit 2).

In *Miller*, the defendant argued, based on *Steidinger v. Blackstone Med. Servs., LLC*, 182 F.4th 532 (7th Cir. 2026), that text messages do not give rise to a private right of action under 47 U.S.C. § 227(c)(5). The court declined to apply *Steidinger* and held that it was bound by the Ninth Circuit's decision in *Howard v. Republican National Committee*, 164 F.4th 1119 (9th Cir. 2026):

> But applying *Steidinger* would necessarily require this Court to reject Ninth Circuit precedent. (internal citation omitted); *see, e.g., Hopkins v. Homelight, Inc.*, No. 26-cv-5017-BHS, 2026 WL 2017320, at *3 (W.D. Wash. July 13, 2026) ("Although HomeLight cites to several district court opinions concluding that § 227(c) does not apply to text messages, each of those decisions is from outside of this Circuit.[] By contrast, district courts applying *Satterfield* and *Howard* within this Circuit have made clear that text messages must constitute calls under § 227(c) as well.") (collecting cases) (footnote omitted). The Court applies the governing law of this Circuit. *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("Circuit law, a concept wholly unknown at the time of the Framing . . . , binds all courts within a particular circuit, including the court of appeals itself.") (citations omitted). Therefore, "[t]ext messages constitute a call under § 227(c)." *Hopkins*, 2026 WL 2017320, at *4; *cf. Howard*, 164 F.4th at 1123; *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). Defendant's motion is DENIED on this basis.
> *Miller*, Dkt. 61 at 6.

Similarly, in *Combs*, the defendant's sole ground for dismissal was that § 227(c)(5) does not extend to text messages. Judge Kenly Kiya Kato held that the Ninth Circuit's construction of "call" in *Satterfield* and *Howard* is not confined to § 227(b), under which both cases arose:

> Although *Satterfield* and *Howard* arose under 47 U.S.C. § 227(b), neither decision limited its construction of "call" to that subsection, and the same term is presumed to bear the same meaning throughout a statute. *See Brown v. Gardner*, 513 U.S. 115, 118 (1994); *United States v. Paulson*, 68 F.4th 528, 555 (9th Cir. 2023).
> *Combs*, 2026 WL 2970636, at *1.

The court then declined to follow *Steidinger*:

> *Steidinger v. Blackstone Medical Services*, 182 F.4th 532 (7th Cir. 2026), is not binding on this Court. The Ninth Circuit has held that a text message is a "call" within the meaning of the TCPA (internal citation omitted), and this Court is bound by that construction. The Court therefore declines to adopt the Seventh Circuit's contrary reading of § 227(c)(5).
> *Combs*, 2026 WL 2970636, at *1.

These orders bear on Section I.d of Plaintiff's Opposition, which addresses *Steidinger* (Dkt. 30 at 17–18).

Plaintiff respectfully requests that the Court consider this authority in evaluating Defendant's Motion to Dismiss.

RESPECTFULLY SUBMITTED AND DATED this 8th day of October, 2026.

By: */s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510

*Attorneys for Plaintiff and the Proposed Class*