Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

*Local Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK AUSSIEKER, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BONNEVILLE INTERNATIONAL CORPORATION d/b/a KNCI FM RADIO<br><br>Defendant. | Case No. 3:26-cv-01899-JD |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION <u>TO DEFENDANT'S MOTION TO DISMISS</u>**

Pursuant to Civil Local Rule 7-3(d)(2), Plaintiff respectfully submits this notice of supplemental authority in support of Plaintiff's Opposition to Defendant's Motion to Dismiss (Dkt. 30). Plaintiff previously submitted a notice of supplemental authority (Dkt. 34) attaching *Miller v. S. Brown & Associates, Inc.* and *Combs v. UG Franchise Operations, LLC d/b/a UFC Gym* as Exhibits 1 and 2, respectively. By this notice, Plaintiff brings three additional decisions to the Court's attention. On October 21 and 22, 2026, after Plaintiff filed his Opposition on July 23, 2026, three courts within the Ninth Circuit issued the following decisions: *Arguello v.*

*R.E.S.A., Inc.*, No. 26-cv-05536-JSC, 2026 U.S. Dist. LEXIS 242712 (N.D. Cal. Oct. 22, 2026) (attached herein as Exhibit 1); *Lewis v. Tenth Hall, Inc.*, No. 2:26-cv-1810 AC, 2026 U.S. Dist. LEXIS 241275 (E.D. Cal. Oct. 21, 2026) (attached herein as Exhibit 2); and *Littman v. Mortgage One Funding LLC*, No. 3:26-cv-05548-BHS, 2026 U.S. Dist. LEXIS 241455, 2026 WL 3150829 (W.D. Wash. Oct. 21, 2026) (attached herein as Exhibit 3).

In *Arguello*, decided in this District by Judge Jacqueline Scott Corley, the defendant moved to dismiss on the ground that § 227(c)(5) does not apply to text messages, relying on *Steidinger v. Blackstone Med. Servs., LLC*, 182 F.4th 532 (7th Cir. 2026). The *Arguello* Court denied the motion and held that it was bound by *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009), and *Howard v. Republican National Committee*, 164 F.4th 1119 (9th Cir. 2026):

> Defendant now asks this Court to apply *Steidinger*'s statutory interpretation analysis to conclude that § 227(c)(5) does not cover text messages in this case. But to apply *Steidinger* would require the Court to contravene binding Ninth Circuit precedent.
> *Arguello*, 2026 U.S. Dist. LEXIS 242712, at *3 (internal citation omitted).

The *Arguello* Court also rejected the argument that *Satterfield* and *Howard* are limited to § 227(b), and concluded:

> The Court thus joins every other district court in the Ninth Circuit in concluding text messages constitute calls under § 227(c)(5).
> *Arguello*, 2026 U.S. Dist. LEXIS 242712, at *5 (internal citations omitted).

In *Lewis*, the defendant likewise moved to dismiss on the ground that the TCPA does not apply to text messages, relying on *Steidinger*. Magistrate Judge Allison Claire, presiding on the parties' consent, denied the motion:

> Defendant's argument that the TCPA applies only to telephone calls, as opposed to text messages, is based on non-binding authority from the Seventh

> Circuit, *Steidinger v. Blackstone Medical Services*, 182 F.4th 532 (7th Cir. 2026), which contradicts the rule regularly applied in the Ninth Circuit. . . . Courts in this District are not obligated to follow the Seventh Circuit's interpretation of the TCPA, and several Ninth Circuit courts have applied *Satterfield* and *Howard* to claims under § 227(c)(5). . . . The defendant's argument that this court should depart from the decisions of other district courts within the Ninth Circuit to follow the Seventh Circuit's ruling in *Steidinger* is not persuasive.
>
> *Lewis*, 2026 U.S. Dist. LEXIS 241275, at *4–5 (internal citations omitted).

In *Littman*, a case from the Western District of Washington, the plaintiff alleged that the defendant sent him four communications in November 2025, two of which were text messages, while his number was listed on the National Do Not Call Registry. Judge Benjamin H. Settle denied the motion to dismiss the plaintiff's TCPA claim:

> Littman plausibly alleges that Mortgage One violated both the TCPA and [the Washington Telephone Solicitation Act] by sending him four communications in November 2025 to solicit the purchase of financial services. He need not identify every call or message that Mortgage One sent him over the past four years or provide further details at this stage. His allegations that Mortgage One contacted him without his consent, despite his phone number being listed on the Do Not Call Registry, support a reasonable inference that it contacted him to solicit financial services.
>
> *Littman*, 2026 U.S. Dist. LEXIS 241455, at *7.

These decisions bear on Section I of Plaintiff's Opposition (Dkt. 30 at 5–18), including its discussion of *Steidinger* in Section I.d.

Plaintiff respectfully requests that the Court consider this authority in evaluating Defendant's Motion to Dismiss.

RESPECTFULLY SUBMITTED AND DATED this 26th day of October, 2026.

By: *<u>/s/ Alex N. Jilizian</u>*
Alex N. Jilizian
350 Lincoln Street, Suite 2400
Hingham, MA 02043
PARONICH LAW, P.C.
Phone: (213) 866-5293
Fax: (508) 318-8100
alex@paronichlaw.com

*Attorney for Plaintiff and the Proposed Class*