LexisNexis

**User Name:** Anthony Paronich

**Date and Time:** Monday, October 26, 2026 1:02 PM EDT

**Job Number:** 300050189

## Document (1)

1. *Arguello v. R.E.S.A., Inc.*

   **Client/Matter:** -None-

   **Search Terms:** TCPA text message motion to dismiss

   **Search Type:** Natural Language

   **Narrowed by:**

| Content Type | Narrowed by |
|---|---|
| | 9th Circuit; Oct 15, 2026 to Dec 31, 2026 |

# ***Arguello v. R.E.S.A., Inc.***

United States District Court for the Northern District of California

October 22, 2026, Decided; October 22, 2026, Filed

Case No. 26-cv-05536-JSC

**Reporter**

2026 U.S. Dist. LEXIS 242712 *; 2026 LX 600114

KEVIN ARGUELLO, Plaintiff, v. R.E.S.A., INC., Defendant.

**Counsel:** **[*1]** For Kevin Arguello, Plaintiff: Gerald D. Lane, Jr, The Law Offices of Jibrael S. Hindi, PLLC, Wilton Manors, FL.

**Judges:** JACQUELINE SCOTT CORLEY, United States District Judge.

**Opinion by:** JACQUELINE SCOTT CORLEY

## Opinion

**ORDER RE: DEFENDANT'S *MOTION TO DISMISS***

Re: Dkt. No. 24

Plaintiff Kevin Arguello alleges Defendant R.E.S.A., Inc. sent him—and other members of a putative class—more than one unsolicited "marketing ***text message***" before 8 a.m. or after 9 p.m. within a 12-month period in violation of the Telephone Consumer Protection Act ("***TCPA***"), *47 U.S.C. § 227(c)(5)* (Dkt. No. 18 ¶¶ 13-16.) Pending before the court is Defendant's ***Motion to Dismiss*** Plaintiff's Second Amended Complaint. (Dkt. No. 24). Defendants move to dismiss pursuant to *Federal Rule of Civil Procedure 12(b)(6)*, arguing *47 U.S.C. § 227(c)(5)* does not apply to ***text messages***. After carefully considering the parties' written submissions, and having had the benefit of oral argument on October 22, 2026, the Court DENIES Defendant's motion because ***text messages*** qualify as "telephone calls" under *47 U.S.C. § 227(c)(5)*.

**BACKGROUND**

Plaintiff alleges Defendant is engaged in unlawful telephone solicitations. (Dkt. No. 18 ¶¶ 13-16.) On July 2, 2025, and September 29, 2025, Defendant "through its real estate sales agent Shana Lynn Kouse made [two] telephone solicitations" via ***text message*** "to Plaintiff's cellular telephone ... initiated at 7:36 am, and 7:14 am **[*2]** in Plaintiff's time zone." (*Id.* ¶¶ 15-16.)

Based on Defendant's two ***text messages***, Plaintiff brings one ***TCPA*** claim under *47 U.S.C. § 227(c)(5)*. (*Id.* ¶¶ 34-40.) Specifically, Plaintiff alleges Defendant sent "more than one telephone call within a[] 12-month period" in violation of the TCPA's implementing regulation, *47 C.F.R. § 64.1200(c)(1)*, which prohibits any initiation of telephone solicitations to telephone subscribers before 8 a.m. or after 9 p.m. local time. (*Id.* ¶¶ 35-38.) Plaintiff requests an award of statutory damages, as well as declaratory and injunctive relief requiring Defendant to comply with *47 C.F.R. § 64.1200(c)(1)*, on behalf of himself and the putative class. (*Id.* at 9.)

**LEGAL STANDARD**

A complaint should be dismissed under *Rule 12(b)(6)* if it lacks sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quotation marks and citations omitted). A claim is facially plausible when it

"plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal under *Rule 12(b)(6)* is proper when the complaint "lacks a cognizable legal theory" or "fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013)* (citation omitted).

**DISCUSSION**

Defendant primarily argues **[*3]** Plaintiff's complaint fails because *47 U.S.C. § 227(c)(5)*—the statute under which Plaintiff sues—applies exclusively to telephone calls, and that ***text messages*** are not telephone calls. Defendant relies on *Steidinger v. Blackstone Medical Services, 182 F.4th 532, 535 (7th Cir. 2026)*, in which the Seventh Circuit concluded "texts are not calls, so *§ 227(c)(5)* d[id] not authorize the plaintiff's suit." Defendant now asks this Court to apply *Steidinger's* statutory interpretation analysis to conclude that *§ 227(c)(5)* does not cover ***text messages*** in this case. But to apply *Steidinger* would require the Court to contravene binding Ninth Circuit precedent. *See Rebecka Miller v. S. Brown & Assocs. Inc., No. 2:26-CV-01480-MWC-SSC, 2026 U.S. Dist. LEXIS 215481, 2026 WL 2855518, at *4 (C.D. Cal. Sept. 22, 2026)*.

The Court instead applies, as it must, the Ninth Circuit governing law of *Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009)*, and *Howard v. Republican National Committee, 164 F.4th 1119 (9th Cir. 2026)*, which held "a '***text message'*** constitutes a 'call' within the meaning of the ***TCPA***." *Howard, 164 F.4th at 1123*. In both cases, the Ninth Circuit applied traditional canons of statutory construction to conclude the TCPA's language, including the "ordinary, contemporary, common meaning" of the term "call," as well as the TCPA's stated purpose "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object," *47 U.S.C. § 227(c)(1)*, supported the conclusion that ***text messages*** are "calls" under the statute. *See Satterfield, 569 F.3d at 953-54*; *Howard, 164 F.4th at 1122-24*.

Defendant's attempt to distinguish *Satterfield* and *Howard* on the grounds both **[*4]** decisions arose in the context of ***TCPA § 227(b)*** rather than *§ 227(c)* is unpersuasive. First, in *Satterfield* and *Howard*, the Ninth Circuit articulated a general definition of "call" as used in the ***TCPA*** and did not confine its statutory analysis to *§ 227(b)* or otherwise limit the scope of its holdings. *See Edwards v. Juan Martinez, Inc., No. 2:20-CV-00570-ART-DJA, 2026 U.S. Dist. LEXIS 158726, 2026 WL 2071059, at *5 n.4 (D. Nev. July 16, 2026)*; *see also Howard, 164 F.4th at 1123* ("[T]hose same two points support the conclusion that a '***text message'*** constitutes a 'call' within the meaning of *the* ***TCPA***.") (emphasis added); *id. at 1124* ("That critical fact confirms that a ***text message*** is properly deemed to be a 'call' within the meaning of *the* ***TCPA***.") (emphasis added); *Satterfield, 569 F.3d at 954* (affording the FCC deference to "hold that a ***text message*** is a 'call' within *the* ***TCPA***.") Because "both cases state that their holdings apply to 'the ***TCPA'*** ... that is how this Court interprets them." *Taha v. Momentive Software, Inc., No. 8:25-CV-02330-DOC-JDE, 2026 U.S. Dist. LEXIS 54376, 2026 WL 974297, at *3 (C.D. Cal. Mar. 11, 2026)*.

Second, under the presumption of consistent usage, a word is presumed to bear the same meaning throughout a statute's text. *United States v. Paulson, 68 F.4th 528, 555 (9th Cir. 2023)*. So, applying that canon of statutory construction, the Court must presume that to "receive" a "telephone call" within the meaning of *§ 227(c)(5)* applies to ***text messages*** the same as "to make any call" and "to initiate any telephone call" within the meaning of *§ 227(b)*. Defendant's insistence "call" means something different in *§ 227(c)(5)* than in **[*5]** *§ 227(b)* because *§ 227(b)* is "broader in [the communications] it prohibits" than *§ 227(c)* (Dkt. No. 24 at 6) is nonsensical and does not rebut the presumption.

Third, both the ordinary meaning of "call," which refers to an "attempt to communicate by telephone," *Satterfield, 569 F.3d at 953 n.3*, and the TCPA's declared purpose to protect privacy rights, *Howard, 164 F.4th at 1124*, support interpreting "telephone call" in *§ 227(c)(5)* as including ***text messages***. In fact, "[n]othing in the statutory text or ordinary use of the term supports assigning a different meaning." *Hopkins v. Homelight, Inc., No. 26-cv-5017-BHS, 2026 U.S. Dist. LEXIS 154579, 2026 WL 2017320, at *3 (W.D. Wash. July 13, 2026)*. And neither the ordinary meaning analysis nor the legislative purpose analysis turn on any unique aspect of *subsection (b) of § 227*. So, "the same logic and reasoning underlying [*Satterfield* and *Howard*] applies with equal force to *§ 227(c)*." *Id.* The Court thus joins every other district court in the Ninth Circuit in concluding ***text messages*** constitute calls under *§ 227(c)(5)*. *See, e.g., S. Brown & Assocs., 2026 U.S. Dist. LEXIS 21548, 2026 WL 2855518, at *4*; *Hopkins, 2026 U.S. Dist. LEXIS 154579, 2026 WL 2017320, at *3-4*; *Miller v. Direct Gen. Ins. Agency, Inc, No. 2:26-CV-01480-MWC-SSC, 2026 U.S. Dist. LEXIS 126614, 2026 WL 1708531, at *4 (C.D. Cal. June 8, 2026)*; *D'Agostino v. Circle K Stores Inc., No. CV-26-01225-PHX-JAT, 2026 U.S. Dist. LEXIS 89449, 2026 WL 1098239, at *5 (D. Ariz. Apr. 23, 2026)*; *Wilson v. Cirkul Inc., No. 6:25-cv-02036-AP, 2026 U.S. Dist. LEXIS 119804, 2026 WL 1508003, at *5 (D. Or. Apr. 14, 2026)*; *Taha, 2026 U.S. Dist. LEXIS 54376, 2026 WL 974297, at *3*; *Esquivel v. Mona Lee, Inc., No. 3:25-CV-00607-H-BLM, 2025 U.S. Dist. LEXIS 230841, 2025 WL 3275607, at *3 (S.D. Cal. Nov. 24, 2025)*. Accordingly, Plaintiff plausibly alleges sufficient facts to state a claim under *§ 227(c)(5)*.

Defendant also briefly suggests in its initial ***motion to dismiss*** that the "quiet-hours" implementing regulation, which prohibits initiating telephone solicitations to "*residential telephone subscribers* before 8:00 a.m. or after 9:00 pm local time," *47 C.F.R. § 64.1200(c)(1)* (emphasis added), "may not apply to Plaintiff **[*6]** [because] the text was sent to a cellular phone, not a residential land line." (Dkt. No. 24 at 7.) In doing so, Defendant overlooks *paragraph (e)* of the regulation, which explicitly states that "the rules set forth in *paragraph (c)* ... are applicable to any person or entity making telephone solicitations or telemarketing calls or ***text messages*** to *wireless telephone numbers*." *47 C.F.R. § 64.1200(e)* (emphasis added); *see* *Izor v. Abacus Data Sys. Inc., No. 19-CV-01057-HSG, 2019 U.S. Dist. LEXIS 130865, 2019 WL 3555110, at *2 (N.D. Cal. Aug. 5, 2019)* (confirming *47 C.F.R. § 64.1200(e)* "extends the protections afforded by *subsections (c)* and *(d)* to solicitations 'to wireless telephone numbers.'") And the Ninth Circuit has agreed with the FCC's view that cell phones are "presumptively residential for purposes of *§ 227(c)*." *Chennette v. Porch.com, Inc., 50 F.4th 1217, 1225 (9th Cir. 2022)*. Defendant's last-ditch argument is therefore unavailing and does not provide a separate basis for dismissal.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's ***motion to dismiss***. (Dkt. No. 24.)

Defendant also asks the Court—for the first time in its reply—to certify the case for immediate interlocutory appeal under *28 U.S.C. § 1292(b)*. (Dkt. No. 29 at 6-7.) This request is improperly raised and therefore will not be considered. *See* *Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007)* (holding a "district court need not consider arguments raised for the first time in a reply brief").

This Order disposes of Docket No. 24.

**IT IS SO ORDERED.**

Dated: **[*7]** October 22, 2026

/s/ Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY

United States District Judge

**End of Document**