**User Name:** Anthony Paronich

**Date and Time:** Monday, October 26, 2026 1:03 PM EDT

**Job Number:** 300050198

## Document (1)

1. *Lewis v. Tenth Hall, Inc.*

   **Client/Matter:** -None-

   **Search Terms:** TCPA text message motion to dismiss

   **Search Type:** Natural Language

   **Narrowed by:**

| Content Type | Narrowed by |
|---|---|
| | 9th Circuit; Oct 15, 2026 to Dec 31, 2026 |

# ***Lewis v. Tenth Hall, Inc.***

United States District Court for the Eastern District of California

October 21, 2026, Decided; October 21, 2026, Filed

No. 2:26-cv-1810 AC

**Reporter**
2026 U.S. Dist. LEXIS 241275 *; 2026 LX 602217

EDWARD LEWIS, individually and on behalf of all others similarly situated, Plaintiff, v. TENTH HALL, INC. D/B/A GUIDEREAL ESTATE, Defendant.

**Counsel:** **[*1]** For Edward Lewis, Plaintiff: Gerald D. Lane, Jr., The Law Offices of Jibrael S. Hindi, PLLC, Wilton Manors, FL.

**Judges:** ALLISON CLAIRE, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** ALLISON CLAIRE

## Opinion

ORDER

This case is before the undersigned for all purposes on the parties' consent. ECF No. 7. Defendant filed a ***motion to dismiss*** this case or, in the alternative, for a more definite statement. ECF No. 13. Plaintiff opposed the motion (ECF No. 20) and filed a notice of supplemental authority (ECF No. 22). Defendant filed a reply. ECF No. 21. For the reasons set forth below, defendant's ***motion to dismiss*** is DENIED.

### I. Background

A. The Complaint

Plaintiff brings this putative class action against the defendant for violations of the *Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991)*(codified at 47 U.S.C. § 227) (the "***TCPA***"). ECF No. 8 at 2. Plaintiff alleges that his phone number is registered on the Do Not Call Registry, and on or about March 21, 2026 and April 9, 2026, the defendant made telephonic solicitations to plaintiff's cellular telephone via ***text message***. Id. at 2-3. Plaintiff included a screenshot of the communications in the operative First Amended Complaint, and states that the screenshot demonstrates that the purpose of defendant's telephonic sales ***text messages*** was to advertise, promote, and/or market defendant's **[*2]** property, goods, and/or services. Id. Plaintiff has not transacted any business with defendant within the eighteen (18) months prior to receiving the above messages. Id. at 5. Plaintiff has not made any inquiry regarding defendant's products or services within the past three (3) months before receiving the above ***text messages***. Id. Plaintiff never signed any type of authorization permitting or allowing the defendant to send them ***text message*** solicitations. Id.

Plaintiff seeks to represent a class defined as:

> All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during eighteen months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three months immediately preceding the date of the first

message with an inquiry about **[*3]** a product, good, or service offered by Defendant.

Id. at 6. Plaintiff and the putative class seek statutory damages pursuant to the TPA at *§ 227(c)(5)*.

B. ***Motion to Dismiss***

Defendant moves to dismiss, arguing (1) the ***TCPA*** does not apply to ***text messages***; and (2) plaintiff fails to allege the phone number at which he allegedly received the ***text messages***, so it is unclear whether the number was on the Do Not Call Registry. ECF No. 14 at 2.

**II. Analysis**

A. Legal Standards Governing ***Motions to Dismiss***

"The purpose of a ***motion to dismiss*** pursuant to *Rule 12(b)(6)* is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983)*. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990)*.

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, **[*4]** Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Twombly, 550 U.S. at 570*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See *Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)*; *Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010)*, cert. denied, *564 U.S. 1037, 131 S. Ct. 3055, 180 L. Ed. 2d 885 (2011)*; *Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010)*. However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See *Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)*; *Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.)*, as amended, *275 F.3d 1187 (2001)*.

B. The ***TCPA*** Does Apply to ***Text Messages***

Defendant's argument that the ***TCPA*** applies only to telephone calls, as opposed to ***text messages***, is based on non-binding authority from the Seventh Circuit, *Steidinger v. Blackstone Medical Services, 182 F.4th 532 (7th Cir. 2026)*, which contradicts the rule regularly applied in the Ninth Circuit. ECF No. 14 at 4-5. The Ninth Circuit has **[*5]** held that a ***text message*** is a "call" within the meaning of the ***TCPA***. *Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009)*; *Howard v. Republican Nat'l Comm., 164 F.4th 1119, 1123 (9th Cir. 2026)* (reaching the same conclusion "even under de novo review" following *Loper Bright Enterprises v. Raimondo, 603 U.S. 369, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024)*). The holding that a ***text message*** is a "call" within the meaning of the ***TCPA*** has been applied by district courts within the Ninth Circuit across provisions of the ***TCPA***, and the undersigned agrees with the logic of the

recently decided and analogous case *Combs v. UG Franchise Operations, LLC, No. 5:26-CV-01764-KK-DTB, 2026 U.S. Dist. LEXIS 226990, 2026 WL 2970636, at *1 (C.D. Cal. Oct. 2, 2026)*, which explained that "[a]lthough *Satterfield* and *Howard* arose under *47 U.S.C. § 227(b)* [as opposed to *§ 227(c)*, which is at issue here], neither decision limited its construction of "call" to that subsection, and the same term is presumed to bear the same meaning throughout a statute," citing *Brown v. Gardner, 513 U.S. 115, 118, 115 S. Ct. 552, 130 L. Ed. 2d 462 (1994)*; *United States v. Paulson, 68 F.4th 528, 555 (9th Cir. 2023)*.

Courts in this District are not obligated to follow the Seventh Circuit's interpretation of the ***TCPA***, and several Ninth Circuit courts have applied *Satterfield* and *Howard* to claims under *§ 227(c)(5)*. See, e.g., *Miller v. Direct Gen. Ins. Agency, Inc., No. 2:26-cv-01480-MWC-SSC, 2026 U.S. Dist. LEXIS 126614, at *13-14 (C.D. Cal. June 8, 2026)*; *Taha v. Momentive Software, Inc., No. 8:25-cv-02330-DOC-JDE, 2026 U.S. Dist. LEXIS 54376, at *7 (C.D. Cal. Mar. 11, 2026)*. The defendant's argument that this court should depart from the decisions of other district courts within the Ninth Circuit to follow the Seventh Circuit's ruling in *Steidinger* is not persuasive.

C. There is No Need to Plead the Specific Telephone Number

Defendant does not provide any support for its argument that plaintiff is required to allege his phone number in the complaint **[*6]** to comply with federal pleading standards. ECF No. 14 at 7-8. Instead, defendant attacks plaintiff's counsel's firm as a "serial and prolific filer of lawsuits" like this one, which are chronically dismissed for failure to prosecute. Id. at 8. Plaintiff refers the court to Exhibit A at ECF No. 14-1, which lists 145 cases, many of which were dismissed for failure to complete service of process because the "case was already resolved." ECF No. 14-1 at ¶ 143. This information is not only irrelevant, but also not particularly persuasive.

Regardless, the court agrees with plaintiff that the Amended Complaint is sufficiently definite to permit a response, and requiring amendment to allege the actual phone number at issue would be a waste of judicial resources. The Amended Complaint identifies the approximate dates of the challenged messages, alleges that defendant sent more than one marketing text, alleges the commercial purpose of those texts, alleges that plaintiff is the regular user of the receiving number, and alleges that the number has been on the National Do Not Call Registry since December 14, 2004. ECF No. 8 ¶¶ 13-18. Defendant does not cite any authority for the proposition that **[*7]** such allegations are insufficient in the absence of an actual phone number in the complaint; indeed, the argument that the phone number is required is dropped in the reply brief. See ECF No. 21. The court rejects this argument.

D. Immediate Certification for Appeal is Not Appropriate

In defendant's reply brief, it is argued for the first time that if the court denies the ***motion to dismiss*** the case should be immediately stayed and certified for interlocutory appeal. ECF No. 21 at 7. Because this argument was improperly raised for the first time in reply, plaintiff did not have an opportunity to address it. Nonetheless, the court will rule on the issue because it plainly falls in plaintiff's favor.

The final judgment rule generally requires that "parties may appeal only from orders which end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Couch v. Telescope Inc., 611 F.3d 629, 632 (9th Cir. 2010)* (cleaned up); see also *In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981)* (describing the federal courts'"basic policy of postponing appellate review until after the entry of a final judgment"). However, under exceptional circumstances, an interlocutory appeal may be permitted to allow for immediate review of a non-dispositive order. A district court may **[*8]** certify an order for interlocutory appeal, pursuant to *28 U.S.C. § 1292(b)*, if three conditions are met: the

order (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Defendant's request is denied because there is not "substantial ground for difference of opinion" in the Ninth Circuit; this court is following the persuasive authority of many Ninth Circuit district court decisions. That the consistent authority in the Ninth Circuit differs from the rule of the Seventh Circuit does not justify an immediate interlocutory appeal. The request is accordingly denied.

**III. Conclusion**

For the reasons set forth above, the ***motion to dismiss*** (ECF No. 13) is DENIED.

DATED: October 21, 2026

/s/ Allison Claire

ALLISON CLAIRE

UNITED STATES MAGISTRATE JUDGE

---

End of Document